## COFIELD *v.* McCLELLAN et al.

DENVER TOWN SITE — *title to.* When title was acquired to the town site of Denver, under the act of May 28, 1864 (13 Stat. at Large, 94), the prior act .of the legislative assembly of the territory (3 Sess. 139), came into effect and governed the trustee in the disposal of lots within the town site.

*By the act of congress* the regulation of the details of executing the trust was entirely remitted to the territorial legislature, and it was eminently proper that in the very threshhold they should fix a period within which the claim of every beneficiary should be asserted.

TERRITORIAL ACT — *regulating execution of trust.* The provision of the fourth section of the act of the territorial assembly, requiring claimants of land within the town site to assert their claims within ninety days after notice of the entry, was as to claims and rights existing at the date of the entry dictated by public interest and clearly within the power delegated by congress to the territorial legislature.

Every person who, in virtue of an occupancy or improvement existing at the date of the entry of the town site or prior thereto, seeks to bring in question the right of one holding by conveyance from the trustee, must show affirmatively a compliance on his part, with the requirements of the fourth section of the act of assembly, or at least must excuse his failure to comply therewith.

FAILURE TO OBSERVE — *section 4 of act of assembly.* Where a bill was filed against one who had obtained title, under the act of congress and of the territorial assembly, to a lot in the city of Denver, by one who claimed title to the same lot which accrued in the year 1859, to have the defendant declared a trustee for the benefit of the complainant, and it was not averred that the complainant or his grantors had filed a declaratory statement, as required by the fourth section of the act of the assembly, the relief was denied.

*Appeal from District Court, Arapahoe County.*

Mr. ALFRED SAYRE and Mr. H. R. HUNT, for appellant.

Mr. S. E. BROWNE and Mr. G. W. PURKINS, for appellee.

WELLS, J. The act for the relief of the citizens of Denver, in the territory of Colorado (13 Statute at Large, 94), authorizes the probate judge of Arapahoe county to enter certain specified lands, the site of the city, in trust for the occupants and the *bona fide* owners of improvements thereon, and declares in substance that the execution of the provisions shall be controlled by the provisions of "An act for the

relief of the citizens of towns upon lands of the United States, under certain circumstances," approved May 23, 1844. This latter act (5 Statutes at Large, 657), provides, that, upon the entry, in pursuance of its provisions, of any town site upon the public domain, the execution of the trust for the occupants therein created shall be conducted under such rules and regulations as may be prescribed by the legislative authority of the State or territory within which the same is situated.

In pursuance of this delegation, the legislature of this territory, by the act of March 11, 1864 (Laws 1864, p. 139), had, in advance of the passage of the act of congress for the relief of the citizens of Denver, prescribed rules and regulations for the administration of the trust, in case of the entry thereafter of any town site, in pursuance of the act of congress of May 23, 1844.

There can be little question, we think, that, upon the entry of the town site of Denver (which was made in pursuance of the act of May 28, 1864), the act of the territorial legislature came into application and governed the trustee in the disposal of the lots within the town site ; and, in order to the determination of this case, it is necessary, therefore, to refer to the provisions of that act.

By this act, then, it was provided that, in case of the entry of any town site under the act of congress, May 23, 1844, the corporate authorities or the probate judge making such entry should, within thirty days, give notice thereof by posting in three public places within the town, and by publication in a newspaper printed and published within the county ; and by the fourth section it was provided, that " each and every person or association, or company of persons claiming to be an occupant or occupants, or to have possession, or to be entitled to the occupancy or possession of such lands, or to any lot, block, share or parcel thereof, shall, within ninety days after the first publication of such notice, in person, or by his, her or their duly authorized agent or attorney, sign a statement in writing containing an accurate description of the particular parcel or parts of land

in which he, she or they claim to have an interest and the specific right, interest or estate therein, which he, she or they claim to be entitled to receive, and deliver the same to or into the office of such corporate authorities, judge or judges ; and all persons failing to deliver such statement within the time specified in this section shall be forever barred the right of claiming or recovering such lands or any interest or estate therein, or in any part, parcel or share thereof, in any court of law or equity."

By the act of congress, the regulation of the details of executing the trust was entirely remitted to the territorial legislature, and it was eminently proper that, in the very threshold, they should fix a period within which the claim of every beneficiary, or one pretending to be such, should be asserted ; for, in the absence of such a limitation, neither could the trustee understandingly determine at what period he might lawfully perform the trust, and convey to an occupant the lots within his occupancy, nor could any citizen, whether before or after such conveyance, at no matter how remote a period, be confident that his title might not be clouded by assertion of an adverse claim.   To have omitted such legislation would have been to encourage the prosecution, in later years, of dormant claims and possessory rights long before abandoned, and to render doubtful and uncertain all titles accruing under the trust.   Such a regulation as that contained in the fourth section before quoted was, therefore, as to claims and possessory rights, existing at the date of the entry, dictated by public interest, and as to those claims and rights, was clearly within the power delegated by congress to the territorial legislature.   Whether any several beneficial interests in the trust could, under any circumstances, arise subsequent to the entry, is a question upon which I have heretofore expressed my opinion in *The City of Denver* v. *Kent et al., ante,* 336, decided at the present term, and the effect of this legislation upon rights not acquired or asserted to be acquired, until after the date of the entry, it is not necessary in this cause to advert to.

And, though the period fixed within which those claiming

to be entitled to share in the trust may appear to be a more limited one than a liberal policy might have dictated, yet we cannot, for this reason, declare the statute invalid ; for this, like all other questions of mere detail, was exclusively within the legislative discretion.

We are of opinion, therefore, that every person who, in virtue of an occupancy or improvement existing at the date of the entry of the town site, or prior thereto, seeks to bring in question the right of one holding by conveyance from the trustee, must show affirmatively a compliance on his part with the requirements of the fourth section of the act of the territorial legislature of March 11, 1864, or at least must excuse his failure to comply therewith. As to what state of circumstances will amount to such excuse, or whether any circumstances whatever will excuse such omission, is a question not presented by this record, and upon which, therefore, we express no opinion.

Now, in this case, the entry of the town site was made on the 6th day of May, A. D. 1865, and though there is no proof that notices of the entry were posted, as required by the act, yet we think that, in support of the subsequent proceedings of the probate judge, we ought to indulge the presumption that he performed what the law required of him in this respect. On the 11th day of August, A. D. 1865, the probate judge conveyed the premises in controversy to the defendant Louisa Mc Clellan, who subsequently conveyed to the defendant Mary Davis.

The complainant now seeks to have this defendant declared a trustee, for his benefit, on the strength of a prior occupancy and improvement of the premises by one Preston, under whom he claims. It is averred that Preston erected a cabin upon the premises in the year 1859, and in the same year conveyed to one Hall, who, by tenants, occupied the cabin, at different times, down to about the year 1862 ; in October, 1866, Hall conveyed to Felter, and subsequently Felter to Bates, and Bates to the complainant; in April, 1869, Felter, Bates and the complainant being, at the date

of the several conveyances to them, respectively residents of the city of Denver.

The bill which was filed on the 22d day of April, 1869, nowhere avers that Hall ever presented to the probate judge his declaratory statement required by the fourth section of the act of March 11, 1864 ; nor is any excuse shown for his omission so to do, or for the long delay of the complainant and those under whom he claims to assert their right.

The complainant is, therefore, not entitled to the relief prayed, and the decree of the district court dismissing the bill must be affirmed.

*Affirmed.*